(Decided 29th February, 1884.)

JOHN IRETON *vs.* THE MAYOR AND CITY COUNCIL OF BALTIMORE.

*Practice—Jurisdiction—Appearance—Summons.*

Where the subject-matter of the suit is one over which the Court has jurisdiction, the appearance of the defendant by attorney, waives the objection to the jurisdiction.

After an appearance it is too late to object to any infirmity in respect to the service of the writ or summons, except where the appearance is made for the special purpose of raising the objection.

APPEAL from the Circuit Court for Baltimore County.

The case is stated in the opinion of the Court.

The cause was argued for the appellee before ALVEY, C. J., STONE, MILLER, IRVING, and BRYAN, J., and submitted on brief for the appellant.

*D. G. McIntosh,* for the appellant.

*John Prentiss Poe, City Counsellor,* for the appellee.

IRVING, J., delivered the opinion of the Court.

The appellant sued the appellee, in Baltimore County, for damages done his real estate and mill thereon, by the construction of a lake in Baltimore County near by the premises of the plaintiff. Summons issued and was returned "summoned," on the 11th of September, 1882. Upon the summons was endorsed in the hand-writing of the City Counsellor of Baltimore: "Enter my appearance for the defendant. John P. Poe, City Counsellor." On the 18th of September the City Counsellor's appearance was generally entered on the docket, and he filed a plea on behalf of the city, and plaintiff was put under rule replication. The cause was continued two terms, and then issue was joined, and a jury was empanelled and sworn. On the day following the swearing of the jury, the Court granted the defendant leave to withdraw his plea. That being done the defendant by its counsel moved to quash the writ of summons. The writ was quashed, and judgment was given against the appellant for costs. From this action of the Court and judgment this appeal is taken.

No question seems to have been made in the Court below in respect to the return of the sheriff, which does not state in what manner the writ was served on the defendant, which is a municipal corporation.

The motion made and granted was to quash the summons, and not the return thereof made by the sheriff. The sole ground on which the motion to quash, and the judgment of the Court quashing the same, is defended, is the contention, that a municipal corporation cannot be sued outside its territorial limits; and that conceding that the service was made on an officer of the city temporarily in Baltimore County, which may be done in certain cases of *other corporations*, (which the return does not show) jurisdiction was not thereby acquired; and consequently, the appearance of the City Counsellor could not confer jurisdiction upon the Circuit Court for Baltimore County to hear and determine the case.

The injury sued for in this case was done to real estate and the action therefore was local and not transitory. This is the common law rule, and by decision in *Patterson vs. Wilson*, 6 *G. & J.*, 499, has been held to be the law in this State. The Circuit Court for Baltimore County being a Court of general jurisdiction had undoubted cognizance of the subject-matter. It is therefore immaterial, for the purpose of this decision, whether the writ or summons in this cause was actually served, or regularly served, or could have been; for the defendant has appeared and pleaded. By appearing the defendant has admitted the jurisdiction. In *Oulton vs. Radcliffe, Law Reports*, 9 *Com. Pleas*, 195, DENMAN, J., says: "Actual service of the writ is not essential. If the defendant appears, that gives the Court jurisdiction to proceed, provided the subject-matter of the action is one over which the Court has jurisdiction." KEATING, J., says in the same case: "The question is, whether the fact of the writ having been served out of the jurisdiction makes the subsequent proceedings void; in other words, whether the appearance of the defendant by his attorney, though the service was such that he was not bound to appear, gives the palatinate Court jurisdiction. I am of opinion that

the appearance did waive the objection to the jurisdiction." Justices BRETT and HONYMAN concurred. In that case the whole cause of action arose, and both parties resided, out of the jurisdiction of the Court of Common Pleas at Lancaster. The writ was sent to the defendant's attorney in Staffordshire, beyond the jurisdiction. It was established that the Court of Lancaster was a superior Court, and therefore had jurisdiction of the subject-matter ; wherefore it also had jurisdiction of the person who had by appearance assented to it.

Mr. Poe was a law officer of the city of Baltimore, whose duty it was to attend to the trial of causes against the city. His appearance for the city to the writ was a waiver of any objection that might have been raised otherwise. We know of no reason why a municipal corporation shall not be bound by all the rules of law which control other litigants, plaintiff or defendant, in respect to appearance, and pleading, and the consequences thereof. We have been cited to no authority making them exceptions. To the authority already cited we may add the authority of *Tidd's Practice*, 160, 161, 513, for the doctrine, that after an appearance it is too late to object to any infirmity in respect to the service of the writ or summons. An exception is made, and ought to be made, where the appearance is made for the special purpose of making the objection.

At the time the defendant moved to quash the summons it was too late to make the objection, and the Court erred in quashing the same. The judgment will, accordingly, be reversed, and a new trial be awarded.

*Judgment reversed, and*
*new trial awarded.*

(Decided 29th February, 1884.)