PIRIE and others, Appellants, vs. H. STERN, JR., & BRO. COM-
PANY, Intervener, Respondent.

*September 11 — September 28, 1897.*

*Judgment under warrant of attorney: Where may be entered: Attorney's
fees, stipulation for.*

1. A general power of attorney in a judgment note, authorizing the entry of a judgment thereon by confession "in any court of record," and the issue of execution, may be executed, not only in the state where the note was made, but in any state in the Union.

2. A clause in such a note, made by residents of Wisconsin when in Illinois, whereby they waive the benefit of the Illinois exemption laws, is not sufficient to show an intention to limit the operation of the warrant to that state, and does not have that effect.

3. A clause in such a judgment note authorizing ten per cent. attorney's fees to be included in the judgment, in addition to the amount due on the note, does not render the judgment void as to the creditors of the maker, unless such fees are shown to be unreasonable and inequitable in fact.

APPEAL from an order of the superior court of Milwaukee county: J. C. LUDWIG, Judge.  *Reversed.*

This is an appeal from an order of the superior court of Milwaukee county setting aside the judgment, execution, and levy of the plaintiffs upon the defendants, and giving the intervener's levy priority over the plaintiffs' execution.

The facts were that on the 7th day of November, 1896, the defendants Conrad and Hesse were copartners in the dry-goods business in Milwaukee, and were indebted to the plaintiffs, who were engaged in business at Chicago, Illinois,

in the sum of $5,585.17. On said 7th of November, 1896, the defendants Conrad and Hesse, being in Chicago, gave to the plaintiffs a judgment note for $6,000, it being agreed at the time that the plaintiffs were to give the defendants a further credit of $414.83, so as to make the total debt $6,000, as stated in the note. The following is a copy of the judgment note so given:

$6,000.00.        Chicago, Ills., November 7th, 1896.

" One day after date, for value received, we promise to pay to the order of Carson, Pirie, Scott & Co. six thousand and no 100 dollars, at ——, with interest at six per cent. per annum, from and after date, until paid.

"And, to further secure the payment of said sum, I authorize, irrevocably, any attorney of any court of record to appear for me in said court, in term time or in vacation, at any time hereafter, and confess a judgment without process in favor of the holders of this note for such amount as may appear to be unpaid thereon, hereby expressly waiving all benefit under the exemption laws of Illinois, with costs, and ten per cent. attorney's fees, and to waive all errors in any such proceedings, and to consent to immediate execution upon such judgment, hereby ratifying and confirming all that my said attorneys may do by virtue hereof.

"Peter J. Conrad & Co.

"Peter J. Conrad.

"Henry Hesse."

In accordance with the agreement to extend further credit, the plaintiffs furnished the defendants Conrad & Co. additional merchandise to the amount of $414.83 prior to the 1st day of December, 1896. The plaintiffs also sold the defendants a considerable amount of goods upon open account.

On the 8th day of January, 1897, the plaintiffs entered judgment in the superior court aforesaid for the sum of $6,044 damages, $604.40 attorney's fees, and $6.95 costs, amounting in all to $6,655.35. Execution was at once issued

upon said judgment, and upon the same day the sheriff of Milwaukee levied upon the stock of dry goods owned by the defendants.

It further appears that on the 8th day of January, aforesaid, the intervener, *Stern Bros. & Co.*, was a creditor of the defendants Conrad & Co. to the amount of $637.74, and, after the plaintiffs' levy, it commenced an action on its claim, and attached the stock of goods held by the sheriff aforesaid. Thereafter *Stern Bros. & Co.* made a petition to the superior court for leave to intervene in the action brought by the plaintiffs upon the judgment note, and prayed that the plaintiffs' judgment be set aside as fraudulent and void, and that the lien of the intervener be adjudged prior to that of the plaintiffs upon the property in the hands of the sheriff. This petition, after hearing, was granted; the plaintiffs' judgment was set aside as fraudulent as to the intervener; and the intervener's attachment was adjudged to be a prior lien on the property in the hands of the sheriff. From this order the plaintiffs appeal.

*W. J. Turner*, for the appellants.

For the respondent there was a brief by *Mock, Riley, Wittig & Schinz*, attorneys, and *Moritz Wittig, Jr.*, of counsel, and oral argument by *Messrs. Moritz Wittig, Jr.*, and *M. M. Riley*. They argued, among other things, that the warrant of attorney gives no authority to confess a judgment in Wisconsin. It is an Illinois contract; uses terms which are technical and clearly refer to Illinois statutes; waives the exemption laws of that state; and includes attorney's fees, contrary to Wisconsin practice. 3 Starr & Curtis' Ann. Ill. Stats. p. 3083, sec. 65; *Graves v. Whitney*, 49 Ill. App. 435, 438, 442; *Maxwell v. Reed*, 7 Wis. 582; *Campbell v. Goddard*, 117 Ill. 251; *Manufacturers' & M. Bank v. St. John*, 5 Hill, 497, 500; *Carlin v. Taylor*, 7 Lea, 666; *Hamilton v. Schoenberger*, 47 Iowa, 385; Story, Agency (5th ed.), § 68; 2 Kent, Comm. 621; *Gilbert v. How*, 45 Minn. 121;

*Spence v. Emerine,* 46 Ohio St. 433, 435, 439; *First Nat. Bank v. Cunningham,* 48 Fed. Rep. 510, 515; *Grover & Baker S. M. Co. v. Radcliffe,* 66 Md. 511, 517; *State v. Waupaca Co. Bank,* 20 Wis. 640; *Reid v. Southworth,* 71 id. 288, 290, 291. If not void, it was fraudulent, the plaintiffs having knowledge of the defendants' insolvency, and the attorney's fees being a mere gratuity. *Hulse v. Mershon,* 125 Ill. 52; *Selleck v. Pollock,* 69 Wis. 870.

WINSLOW, J. Two principal contentions are made by the intervener upon which the order setting aside the plaintiffs' judgment is sought to be justified: First, that the judgment note did not authorize the entry of judgment thereon in Wisconsin, but only in Illinois; and, second, that the including of ten per cent. attorney's fees in the warrant rendered it fraudulent and void as to creditors.

1. It is well established that "the authority to confess a judgment without process must be clear and explicit, and must be strictly pursued." *Manufacturers' & M. Bank v. St. John,* 5 Hill, 497. We think, however, that it would be a very great surprise to the profession to learn that a general power of attorney purporting to authorize the entry of judgment in any court of record does not in fact authorize the entry of judgment in any state save the state in which the note is given. Such, certainly, has not been the prevailing idea as to the law on this subject, as is well proven by the numerous instances of the entry of such judgments, without objection, in the courts of this state, upon warrants similar to the one in suit executed in other states. The judgment note is now in wide use, and is recognized as a very convenient and valuable security in the business world. The business relations between the various states are very close, and growing closer every year; and if it be true that a judgment note in general terms, taken in one state, cannot be used in another, then, certainly, its usefulness will be very

seriously impaired.   Two decisions only, so far as we know, justify this contention, viz., *Carlin v. Taylor*, 7 Lea, 666, and *Davis v. Packer*, 8 Ohio Cir. Ct. 107.

In the Tennessee case it was held that a warrant authorizing any attorney in the United States *or elsewhere* to confess judgment was void for "comprehensive uncertainty." The Ohio case holds that a general power of attorney executed in Illinois authorizing the entry of judgment in any court of record does not authorize the entry of judgment in an Ohio court.   We are not satisfied with the reasoning in either of these cases.   We are unable to see any reason why a debtor may not give a general warrant of attorney to his creditor authorizing the entry of judgment in "any court" that the creditor may choose, and why such power should be held void as comprehensively uncertain is not clear.   The very fact that judgment may be entered in one state as well as another gives added value to the security, and was doubtless intended so to do.   Certainly, when the warrant authorizes the entry of judgment in "any court of record," the authority given is clear and explicit enough to satisfy the most fastidious.   The power is very broad and sweeping, but it is at the same time clear and explicit.

The case of *Manufacturers' & M. Bank v. St. John, supra,* was also cited as sustaining the proposition that no judgment could be entered on this warrant in Wisconsin.   This case simply decided that when a warrant showed on its face that it was only intended to be used in Pennsylvania, it could not be executed in New York.   This doctrine is entirely reasonable. If a power of attorney drawn in general terms contain also provisions plainly showing the intention to limit the execution to one state, it would certainly seem proper to construe the general words as being limited by the special provisions. Freeman, Judgments, § 545.   We find in the warrant before us no satisfactory indication of an intention to limit its operation to the state of Illinois.   The waiver of the benefits of

the Illinois exemption laws can hardly be construed as such a limitation.    The circumstances under which the note before us was executed would very clearly rebut any such intention.    It was executed by merchants who were residents of and doing business in Wisconsin, and who were simply in Chicago for the purpose of buying goods.    An intention to limit the operation of the warrant to the state of Illinois would not be reasonable or probable.    We conclude that the warrant authorized the entry of judgment in Wisconsin.

2.  Did the including of ten per cent. attorney's fees in the warrant and judgment render both void as to creditors? This question must also be answered in the negative.    Such stipulations, when reasonable in amount, have been held valid by this court.    *Vipond v. Townsend,* 88 Wis. 285; *First Nat. Bank v. Larsen,* 60 Wis. 206.    It is true that it is also held in the case last cited that such a stipulation is not conclusive as to amount, but that a reasonable amount must be fixed by the court or jury on the trial.    The question here, however, is whether the judgment will be set aside simply because the attorney's fee was not assessed by a court or jury.    Upon familiar principles, it will not be set aside unless it be shown to be unreasonable or inequitable, as well as irregular.    We see no evidence of actual fraudulent intent here, and we do not understand that the trial court found actual fraud, but simply that the including of the attorney's fee was a gratuity given by an insolvent debtor to a creditor, which rendered the whole security void as a matter of law.    In this conclusion we cannot agree.    An insolvent debtor may give a valid judgment note to his creditor if the transaction be free from fraud, subject, however, to the provisions of law relating to the setting aside of such transactions when they take place within sixty days prior to the execution of a voluntary assignment.    S. & B. Ann. Stats. sec. 1693*a.*    If a valid judgment note can be given, certainly it may include the provisions which such notes usually con-

tain, and the provision for an attorney's fee is one of those provisions. If it were shown that the attorney's fee was unreasonably large, or was a mere cloak for a fraudulent transfer of property without consideration, the question would be different.

No other questions are presented which are important enough to require discussion.

*By the Court.*— Order reversed, and action remanded with directions to deny the motion.

