ELIZA V. HODGSON BY HER HUSBAND AND NEXT FRIEND, FRED S. HODGSON, *vs.* THE SOUTHERN BUILDING AND LOAN ASSOCIATION OF KNOXVILLE, TENNESSEE.

*Attachment by Non-Resident Plaintiff Against Foreign Corporation to Affect Property of the Defendant in this State—Suits Against Foreign Corporations.*

Under Code, Art. 9, sec. 1, etc., a non-resident plaintiff may maintain an attachment in the Courts of this State against property and credits situated here and belonging to a foreign corporation.

Code, Art. 23, sec. 297, provides that suits may be brought in the Courts of this State against any corporation not incorporated under its laws but doing business in this State, by a resident of this State for any cause of action, and by a non-resident plaintiff when the cause of action has arisen, or the subject of the action shall be situated in this State, provided that nothing therein shall prevent or affect the issue of attachments against corporations as now or hereafter allowed by law. Code, Art. 9, secs. 1 and 2, provide that every person who has the right to sue in the Courts of this State shall have the right to become a plaintiff in an attachment against a non-resident of this State, and that any corporation not chartered by this State may be made a defendant as other non-residents. In this case the defendant was a foreign corporation doing business in this State and having property and credits therein. Plaintiff, a non-

resident to whom defendant was indebted upon a cause of action not arising in this State, issued an attachment in this State against defendant as a non-resident debtor, and caused the same to be laid upon said property and credits.   Upon motion to dismiss the action for want of jurisdiction.  *Held,*

1st. That the plaintiff has the right to become plaintiff in an attachment suit in this State, and that the defendant is liable to be proceeded against as a non-resident debtor having property or credits situated in this State.

2nd. That the provisions of Code, Art. 23, sec. 297, relating to suits against foreign corporations do not limit the right of the non-resident plaintiff to institute the attachment proceeding under Code, Art. 9, sec. 1.

3rd. That even under the terms of Code, Art. 23, sec. 297, plaintiff is entitled to maintain the attachment, since the credits and property in the hands of residents of this State and belonging to the defendant are the subject of the action and situated in this State.

The case of *Myer* v. *Liverpool, &c., Ins. Co.*, 40 Md. 595, relating to suits against foreign corporations, distinguished.

Appeal from the Circuit Court for Montgomery County, (HENDERSON, J.)

The cause was argued before McSHERRY, C. J., BRISCOE, PAGE, BOYD, PEARCE, SCHMUCKER and JONES, JJ.

*Charles W. Prettyman* and *Lorenzo A. Bailey* (with whom was *Hattersley W. Talbott* on the brief ), for the plaintiff.

On November 12th, 1895, the plaintiff, a resident of the District of Columbia, purchased at the Washington, D. C., office of defendant, twelve shares of paid-up stock at forty-one dollars per share—forty dollars per share for the stock, and one dollar per share membership fee.   This money was sent to the home office at Knoxville, and plaintiff received in due course a certificate for said twelve shares of paid-up stock.   On October 15th, 1896, she transmitted said certificate with her demand for withdrawal and received the company's receipt and promise to pay.   On April 16th, 1897, the defendant was declared insolvent, and receivers were appointed by the Chancery Court of Knoxville to wind up its affairs.   On May 5th, 1897, the plaintiff sued out of

the Circuit Court for Montgomery County, a non-resident attachment, and had the same laid in the hands of certain debtors of the association residing in said county, and also upon certain real estate in said county owned by the said association. A judgment of condemnation *nisi* was entered in due course, and then defendant appeared in the short-note branch of the attachment case, pleaded to the merits, and the case went to trial upon the facts before the Court without a jury. Before all the plaintiff's testimony was in, the defendant filed a motion to dismiss because the Court had no jurisdiction. The Court granted the motion and dismissed the case, and this appeal is taken.

The only question that arises is the one of jurisdiction. By the Code of Public General Laws, Article 9, section 1, non-residents may be plaintiffs in attachment proceedings, and thereunder non-residents are entitled to the same protection as citizens of our own State. *Linville* v. *Hadden*, 88 Md. 594; *Mason* v. *Union Mills Co.*, 81 Md. 446. And by Article 23, sections 295, 296 and 297, the jurisdiction over foreign corporations is extended so as to make them amenable to process, except where both plaintiff and defendant are non-residents and the cause of action arose without the State. The Circuit Courts of this State have general jurisdiction over all personal actions when the parties are in Court, whether the contract is made within or without the State. *Fairfax Forrest, &c.*, v. *Chambers*, 75 Md. 604.

While process cannot be served on non-resident corporations in the class of cases mentioned in Article 23, section 295, &c., of the Code, (*Myer* v. *Liverpool, London and Globe Ins. Co.*, 40 Md. 595; *Cromwell & Sloan* v. *Royal Canadian Ins. Co.*, 49 Md. 366; *Chambers case*, 75 Md. 604.) yet, when the parties are in Court, the jurisdiction attaches, as the section of the Code referred to is designed not to decrease but to increase the power of the Courts to settle controversies submitted to them.

The statutory exemption from liability of process is a

personal privilege that can be waived, and appearance and pleading constitute such waiver. *Chambers case, supra ; Toland* v. *Sprague,* 12 Peters, 331, 337; 2 *Ency. Pl. and Pr.*, pp. 642, 644. A general appearance is sufficient without pleading. 12 *A. and E. Ency.*, 299 and notes 2 and 3.

Where a non-resident corporation appears and files its pleas and submits its rights to the determination of the Court, the jurisdiction of the Court attaches, and the non-resident corporation becomes bound by the judgment of the Court, both parties being voluntarily there. *Mason* v. *Union Mills Co.*, 81 Md. 446; *Fairfax Forrest, &c.,* v. *Chambers,* 75 Md. 604; *Hodge & McLane on Attachment,* page 59; 2 *Ency. Pl. and Pr.*, pp. 642, 644; 12 *A. and E. Ency.,* p. 299 and notes 2 and 3. The *Chambers case* is almost identical with the case at bar, except that in the *Chambers case* a judgment had been rendered and the question of jurisdiction was first raised in the Court of Appeals ; but it was perfectly competent to raise it there, because if the Circuit Court had no jurisdiction in the first instance its decree was a nullity and there was no judgment to review in the Appellate Court. *Fairfax Forrest, &c.,* v. *Chambers,* 75 Md. 604.

So that the question involved in this appeal narrows itself to this : Is a judgment necessary to confer or complete the jurisdiction of the Circuit Court in this class of cases ? It would seem that the question answers itself. If there was no jurisdiction in the first instance, a judgment would be void. How, then, can a judgment add or take away the original jurisdiction of the Court ? It is clear from the argument of the Court in the *Chambers case* that the voluntary appearance of the non-resident defendant, whether a natural or an artificial person, is a submission of his rights to the determination of the Court, and that the jurisdiction of the Court attaches *eo instanti* of the appearance. When the jurisdiction once attaches it remains until the final disposition of the cause.

*John Ridout* (with whom were *H. M.* and *W. H. Talbott*, on the brief), for the appellee

The defendant's contentions are : That under the terms of section 297, of Article 23, of the Code, the Court was without jurisdiction of the subject-matter of the suit. That this want of jurisdiction of the subject-matter could not be supplied by any act or omission of the defendant, and that the question of jurisdiction of the subject-matter could be raised effectively at any time during the progress of the cause when the facts showing such want of jurisdiction appeared in the evidence.

The contentions of the defendant are thoroughly sustained, not only by the well-settled doctrine that consent cannot confer jurisdiction of the subject-matter, but by several decisions of this Court. *Myer* v. *Liverpool, etc., Ins. Co.,* 40 Md. 595. *Cromwell & Sloan* v. *Royal Canadian Ins. Co.,* 49 Md. 366. *Universal Life Ins. Co.* v. *Bachus,* 51 Md. 28. *Robinson* v. *Oceanic Steam Navigation Co.,* 112 N. Y. 315.

JONES, J., delivered the opinion of the Court.

This case originated in a non-resident attachment proceeding against the appellee (defendant below). The attachment was sued out of the Circuit Court for Montgomery County and placed in the hands of the Sheriff of that county, who made return thereto. " Attached and laid as per schedule annexed, and George F. Harriss, the person in possession of the lands and premises mentioned in said schedule, summoned on May 6th, 1897, and also laid in the hands of Mrs. Anna M. Richards, on May 7th, 1897, at the hour of 12.45 o'clock, P. M., and also laid in the hands of William J. C. Richards, her husband, on May 11th, 1897, at the hour of 4.35 o'clock P. M., and also laid in the hands of Charles R. Newman, on June 5th, 1897, at the hour of 4 o'clock, P. M., and all of said garnishees summoned, and copy of the declaration in the short-note case set up at the Court House door." On the 15th of June, 1897, on mo-

tion of the plaintiff, now appellant, judgment of condemnation was entered in the attachment case against the lands and tenements attached and described in the schedule returned by the Sheriff for the sum of $522 with interest from May 1st, 1897, and costs. On the 29th of June, 1897, counsel appeared for the defendant for the purpose of moving to strike out the judgment of condemnation and on the same day the same counsel entered an appearance for the defendant (appellee here) in the short-note case.

The record does not show what further was done in the attachment case, but it appears that in the short-note case the defendant, after laying a rule security for costs on the plaintiff, which was complied with, pleaded the general issue pleas and a special plea ; and that after certain intermediate proceedings in the way of demurrer to and amendment of pleadings by both sides, the case was brought to issue and to trial on the 10th day of February, 1900. The plaintiff's proof showed that the defendant was a corporation incorporated under the laws of the State of Tennessee ; that in a suit in chancery instituted against it in the State of Tennessee, the corporation was, by a decree dated the 16th day of April, 1897, declared insolvent and receivers were appointed to take charge of its affairs ; that prior to this date the corporation had been doing business through a local board of directors in Montgomery County, this State, where this suit was brought, which business consisted in receiving subscriptions to its stock from and making loans to citizens of the county.   Briefly stated, the proof further showed that the transactions between the plaintiff and the defendant corporation out of which the indebtedness of the corporation to the plaintiff, which is alleged in the *nar.* in this case arose, took place in Washington City, in the District of Columbia, through the treasurer of the local board of directors of the defendant, through which the corporation carried on business in that city and district; and that the plaintiff was at the time of these transactions a resident of Washington City, District of Columbia, and has

ever since continued so to be.    Upon this state of proof on
the part of the plaintiff, the defendant, without the offer of
any evidence on its part, " moved the Court to dismiss this
action, because, under section 297, of Article 23, of the Code,
the Court is without jurisdiction, it appearing from the evi-
dence that the plaintiff was, at the time of suit brought, and
still is a non-resident of the State of Maryland; that the
defendant was, at the time of suit brought, and now is
a foreign corporation, incorporated under the laws of the
State of Tennessee, and that the cause of action relied on
arose in the District of Columbia, and not in the State of
Maryland."

This motion the Court granted, and dismissed the action
and gave judgment for the defendant for costs.    From this
judgment the plaintiff brings this appeal which devolves
upon this Court the inquiry as to whether section 297, of
Article 23, of the Code, has application to a state of case
such as is shown by the facts recited.    The section of the
Code referred to reads as follows : " Suits may be brought
in any Court of this State, or before a Justice of the Peace,
against any corporation not incorporated under its laws, but
deemed to hold and exercise franchises herein, or against
any joint stock company or association doing business in
this State, by a resident of this State, for any cause of
action ; and by a plaintiff not a resident of this State, when
the cause of action has arisen, or the subject of the action
shall be situated in this State ; and process in such suits
may be served as provided in the preceding section, and also
upon any agent of such corporation or joint stock company
or association ; and in case of service of process on an
agent, notice of such process shall be left at the principal
office of said corporation, joint stock company or associa-
tion, if there be such office in this State ; provided, noth-
ing in this Article shall prevent or affect the issue of attach-
ments against corporations as now or hereafter allowed by
law."

In  ascertaining  how  far  the  section  of  the  Code  just

quoted affects the jurisdiction of our courts to entertain a suit in the circumstances of this case, let us first inquire how far they would have such jurisdiction if this section was not in existence.    Article 9, sections 1 and 2, of the Code provide.

Section 1. " Every person and every body corporate that has the right to become a plaintiff in any action or proceeding before any judicial tribunal in this State, shall have the right to become a plaintiff in an attachment against a non-resident of this State, or against a person absconding."

Section 2. " Every person who doth not reside in this State, and every person who absconds, may be made a defendant in an attachment ; and any corporation not chartered by this State, or any corporation chartered by this State, but not having the president or a majority of the directors or managers thereof residing in this State, may be made a defendant, as other non-residents."

It is very clear that the appellant in this case, who was plaintiff below, had, under our attachment law, by the terms of the 1st section of Article 9, just quoted, the right to become a plaintiff in an attachment suit in the Courts of this State. In the case of *Risewick* v. *Davis*, 19 Md. 82; it is said at page 91, that it is declared in the more recent opinions that " the design of these laws is to protect our own citizens from summary proceedings as well as to. give them and the citizens of the United States a remedy against debtors residing out of the reach of the process of the Court." Then, at page 92, after stating the fact that in construing some of the earlier Acts, " the right to an attachment was held to be confined to citizens of this State, or some one of the United States, in contra-distinction to citizens of the Territories or District of Columbia and of the United States," the Court goes on to say :  " In deference to these decisions, Acts of Assembly were passed, from time to time, to enlarge the jurisdiction and extend the right until it is made common to all persons, natural or artificial, who can sue in our Courts." This decision was under the Act of 1854, ch. 153, the first

section of which is identical with the first section, of Article 9, of the Code.

It is unnecessary to multiply authorities upon this point, but it may be said that the unrestricted right of parties who are non-residents, as this appellant is, to become plaintiffs in the Courts of this State, and in attachment proceedings has received distinct recognition from this Court in the recent cases of *Mason* v. *Union Mills Co.*, 81 Md. 446, and *Linville* v. *Hadden & Co.*, 88 Md. 594. There can be as little doubt or question that a foreign corporation, such as the defendant in this case is, can be made defendant in attachment proceedings in the Courts of this State. The statute, which has been herein quoted, expressly so provides, and the two cases last cited are illustrations, among others that might be cited, of its application. We have, then, in this case a party plaintiff, who, under our attachment laws, has the right to become such in the Courts of this State, and a defendant, which, under these laws, may be made such in our Courts if the conditions exist which authorize the Court to exercise the jurisdiction which is invoked. What must these conditions be? In the case of *Odenhal, Garn.*, v. *Devlin*, 48 Md. 439, they are described in this way : " The general rule is that the right of the attaching creditor to recover against the garnishee depends upon the rights subsisting between the garnishee and the debtor in the attachment, and the test of the garnishee's liability is that he has funds, property or credits in his hands belonging to the debtor, for which the latter would have the right to sue."

Now, as has been seen, the attachment in this case was laid in the hands of citizens of Montgomery County, in this State, and levied upon land situated in that county. The defendant corporation then intervened with its motion in the attachment proceeding and by appearance and pleading in the short-note case ; and thereby it asserted its interest in the credits and land attached. We are to assume then a claim upon the part of the corporation to these credits and property in the hands of citizens of, and situated in, this

State.   Upon this assumption, the right of the plaintiff below to maintain this attachment suit, when tested by the rule just adverted to, appears to be clear, for undoubtedly the defendant below in the suit could sue in the Courts of this State for the recovery of the credits and property in question, and have the question of its rights in the premises tried and determined in this jurisdiction.   This is the result of the construction of our attachment laws in their application to the case we are here considering, if we leave out of view the section 297, Article 23, to which reference has been made. Now what effect upon, or application to, a case situated as this one is, does this section of Article 23 have ?   Plainly none ; for it could otherwise have such effect it is therein expressly provided that '' nothing in this Article shall prevent or affect the issue of attachments against corporations as now or hereafter allowed by law ;'' thus excluding from its operation cases falling within the provisions of our attachment laws.

The error of applying the provisions of section 297, Art. 23, to this case, as was done in granting the motion of defendant below as hereinbefore set out, arose from the supposed analogy between this case and the cases of *Myer* v. *Liverpool, London & Globe Ins. Co.*, 40 Md. 595; *Cromwell & Sloan* v. *Royal Canadian Ins. Co., Garn.*, 49 Md. 366, and the *Universal Life Ins. Co.* v. *Bachus*, 51 Md. 28.   The essential difference between the case here and the cases referred to would seem to be manifest.   As has been seen, the attachment in this case was laid in the hands of citizens of this State, upon credits claimed to be due from such citizens to the foreign corporation, which was the defendant in the action, and upon property claimed to be that of this defendant—that is to say, the subjects of the present action were matters which the defendant corporation could have made the subject-matter of suit in the Courts of this State against citizens of the State.   Now, let us examine the cases just referred to and relied upon by the appellee to control the decision of this.   Beginning with the last one, that in

51 Md., the Court there, as respects the question of juris-
diction raised here, merely summarized and restated what
had been held in the two previous cases, those in 49 and
40 Md., but said, though it had been apparently designed
to raise the same question in the case then before the Court,.
such question had not been properly presented, and pro-
ceeded to determine other questions involved.   In the case
in 49 Md. the Court, in direct  reference to this question of
jurisdiction, did nothing more than to reiterate and reaffirm.
what had been decided in the prior case in 40 Md., stating
that the facts in the case then being decided were identical
with those in this prior case ; and then, as in the case 51
Md., proceeded to decide other questions which the case
presented and which do not concern us here.

This discussion as to the application of these cases to
the case in hand may be simplified, therefore, by confining
it to an analysis of the decision of this Court in the case of
*Myer and others* v. *Liverpool, London & Globe Ins. Co., Garn.*,
40 Md., *supra*.   In that case the appellants, who were plain-
tiffs below, were citizens of Maryland and sued out an
attachment from the Superior Court of Baltimore City
against G. W. Bittinger & Brother, as non-residents of this.
State—these defendants being residents of the city of Chi-
cago—and caused the attachment to be laid in the hands.
of the appellee in the case as garnishee.   The appellee was
a corporation, created by the laws of Great Britain, and ser-
vice of the process of attachment was made upon the agent
of the corporation in Baltimore, and it was intended to attach
funds alleged to be due from the appellee corporation (an
Insurance Company), to Bittinger & Brother, for a loss by
fire in Chicago upon goods of Bittinger & Brother in their
store there, under a policy of insurance which had been
issued by the appellee at the office of its agent in Chicago.
It will be seen from this recital of the facts of that case that
the foreign corporation was not the defendant in the case
and the credit attached was not such as, leaving out of view
section 297, Art. 23, the defendant could sue for the recovery

of in the Courts of this State.   But the foreign corporation was sought to be made garnishee, and it was attempted to bring the corporation into the Courts of this State by process served in accordance with the mode prescribed in section 297, Art. 23, to answer as garnishee to citizens of this State for a debt due by the corporation to a citizen of Illinois upon a contract made in that State.   The Court held that the suit could not be maintained, and said the right given by said section 297, which it was construing, to a citizen of the State to sue a foreign corporation, only applied to cases in which there was a direct liability on the part of the corporation to the resident plaintiff.   The suit could not be maintained, therefore, under the clause of the statute which conferred such right upon a citizen of this State, because upon the facts of the case, as stated, there was no direct liability of the corporation to the plaintiffs.   It was further held that the corporation in that case could not be subjected to the process of garnishment at the suit of the resident plaintiff because "the plaintiff in attachment, as against the garnishee, is subrogated to the rights of the debtor, and can recover only by the same right and to the same extent, as the debtor might recover, if he were suing the garnishee."   And the Court said, "It is very clear that the appellants cannot by process of attachment recover from the Insurance Company upon its contract with Bittinger & Bro., which contract these last could not themselves enforce in the Courts of Maryland;" and further said that "Bittinger & Bro. could not sue the company in Maryland, because they are non-residents, and the contract of insurance was made in Chicago, and by the words of the Act of 1868, before cited, a foreign corporation is subjected to a suit by a non-resident only ' *when the cause of action has arisen or the subject of the action is situated in this State.*' "

Now, the difference between the facts of the case we are considering on this appeal and the case in 40 Md., *supra*, is, as has been said, manifest; and it is just as clear that the points decided in this last-named case have no applica-

tion to this case.   In reference to the right of a non-resi-
dent plaintiff to sue in this State a foreign corporation upon
a cause of action arising out of the State and where the sub-
ject of the action is not situated in the State, the case in 40
Md., *supra*, simply decides that such non-resident plaintiff
cannot by virtue of the provisions of section 297 of Article
23 do that which, without the existence of that section of
our Code, he could not do, that is, he cannot compel the
foreign corporation to submit to a suit in this State upon
such a cause of action.   In other words that, the Legisla-
ture has not by this enactment attempted to *confer* juris-
diction upon our Courts in such a state of case; and the
case by no means decides that the Legislature meant thereby
to *abridge* or *take away* from our Courts jurisdiction of any
kind that they already had.   The case, therefore, to which
reference has last been made, does not give to the section
of the Code in question any such construction as can affect
the jurisdiction of our Courts to entertain a suit such as the
one in this case, which, as we have seen, is clearly main-
tainable under the provisions of our attachment law, and
jurisdiction as to which is not dependent upon, but is alto-
gether apart from the section of the Code which was con-
strued in that case.

While this is so, the jurisdiction of our Courts is con-
firmed in cases arising upon such facts as we have in this
case by the very terms of the section of the Code which is
invoked to defeat it.   It is therein provided that a non-res-
ident may bring a suit against a foreign corporation in the
Courts of this State, " when the cause of action has arisen
or *the subject of the action shall be situated in this State.* "
The subject of this attachment suit was the credits and
property upon which the attachment was levied.   The
credits were due from citizens of the State and the property
was located here.   The subject of the suit was therefore
situated in this State and was within and under its jurisdic-
tion.   The negation of this fact was not embraced in the
defendant's motion to dismiss the suit, and such negation

would not have been warranted by the proof. For this reason, also, the motion should not have been granted. This is supported by what was said by this Court in the case of *Myer* v. *L., L. & Globe Ins. Co.*, 40 Md. *supra*, in which this language occurs: " We do not doubt that a foreign corporation exercising its franchises in this State, may be subjected to the process of garnishment, where it holds property or credits of the debtor for which the debtor might sue in our Courts. " It will not be necessary, in view of what has been said, to invoke the authority of the case of *Fairfax Forrest, &c.*, v. *Chambers*, 75 Md. 604, in disposing of this case. There the suit was begun by a non-resident attachment proceeding. The plaintiff was a non-resident, and the defendant a foreign corporation. The cause of action was a contract made outside of the State and the attachment was laid in the hands of a foreign corporation. What further was done in the attachment case does not appear, but in the short-note case the defendant appeared and the case was tried upon its merits ; and judgment having been rendered against the defendant, it appealed, and upon this appeal for the first time attacked the validity of the judgment for want of jurisdiction in the Court to entertain the suit. This Court held the judgment valid and gave the reason as follows: " Our Courts have jurisdiction in regard to contracts whether made in or out of this State, and where the suit is brought by a non-resident against a non-resident upon a foreign contract, if the defendant voluntarily appears, and the case is tried upon its merits, the validity of the judgment rendered in such a case cannot be questioned." In that case, then, the validity of the judgment was made to rest upon the *voluntary* appearance of the defendant in the short-note case. The case here differs from that just referred to in that the appearance of the defendant in that branch of the case in this instance was not a *mere* voluntary appearance, because here the Court had jurisdiction of the case under the attachment proceeding ; and the appearance of the defendant in the

short-note case was necessary and appropriate for the making of a proper defense if the design was to contest and settle the question of indebtedness between it and the plaintiff, which was made the foundation of the attachment proceeding.

It results from the foregoing views that the judgment of the Circuit Court for Montgomery County must be reversed.

*Judgment reversed and cause remanded.*

(Decided June 15th, 1900.)