# CIRCUIT COURT NO. 2 OF BALTIMORE CITY.

Filed December 15, 1920.

LAWRENCE H. BUSCH

VS.

GEORGE R. LANE AND ALMA LANE, HIS WIFE, AND THE JACKSON SQUARE LOAN AND SAVINGS ASSOCIATION.

*Francis I. Mooney* for plaintiff.

*Abram C. Joseph, Daniel C. Joseph* and *Charles B. Backman* for defendants.

DAWKINS, J.—

The amended bill in this case seeks the specific performance of the following alleged contract:

"Aug. 2nd, 1919.

"Recd from Mr. L. C. Busch $10 as forfeit on house 1764 Montpelier St. with understanding when present occupant finds location to his satisfaction he will vacate & sell to M. L. C. Busch for $3000.     G. R. Lane."

The defendant building association has answered the bill denying its es-

sential averments. The other defendants have interposed a demurrer to the bill. The question now before the court is upon the demurrer.

The bill says the property was bought through George R. Lane acting as agent for all of the defendants. The property is alleged to have $60 ground rent upon it. The bill further states that the $10 mentioned in the paper has been paid over to Alma Lane for her personal use and benefit and by her consent she has frequently ratified the act of the said George R. Lane. It also alleges that the building association owns the "naked legal title," but that the association has agreed to convey the property to Lane and wife and has ratified the sale. The property has been vacated by Lane, indicating that the contingency mentioned in the paper has occurred. The case of Busey vs. McCurley, 61 Md. 435, relied on at the hearing, does not seem to reach the situation in this case. The case presented a clear and definite contract to convey a house in lieu of dower or distributive share. In the case before us a payment is made of "$10 as forfeit" on the house which G. R. Lane "will vacate and sell to L. C. Busch when present occupant finds location to his satisfaction." We can not know when the occupant will become satisfied or when he will find a location. If we assume that this is a contract, when is it to be performed? Is this the contract of sale or is the contract to be made after the house is vacated? It would rather indicate the latter to be the intention of the parties. The bill states that there is a ground rent on the property. There is nothing about this in the paper. There is no word to show that George is the agent of anybody on the face of the paper. The defendants could not enforce this contract against the plaintiff. What are the terms of the contract as to payment, etc.? How about payment of taxes and other charges? Was the building association to be paid its interest whatever it might be? Has it any interest? Have the Lanes any separate interest? If so, what is it? This paper, which must be the basis for specific performance, is indefinite and uncertain and incapable of enforcement. Extrinsic facts can be proven by parol to explain circumstances surrounding the contract, but an executory contract

for the sale of land can not be partly in writing and partly in parol; and it is equally true that a written contract can not be added to by parol or by a verbal agreement.

This case has been before the court several times. It would not appear that this contract can be enforced.

The demurrer is sustained.