PERCY L. TEED, PROSECUTOR, v. THE BOROUGH OF ROSE-LAND ET AL., RESPONDENTS.

Submitted October term, 1928—Decided January 3, 1929.

Before Justices MINTURN, BLACK and CAMPBELL.

For the prosecutor, *Arthur B. Seymour.*

For the respondents, *Walter G. Brandley.*

PER CURIAM.

This writ brings before us for review the proceedings and judgment of the mayor and council of the borough of Roseland, dismissing from office the prosecutor as borough recorder.

The return to the writ shows that at the organization meeting of the borough on January 1st, 1928, the prosecutor was nominated as borough recorder "for the ensuing year," and such nomination was confirmed by the borough council.

At a meeting of May 25th, 1928, the chairman of the public safety committee presented a draft of a letter addressed to the prosecutor defining or attempting to define his duties, and after approval thereof it was directed that it be sent to the prosecutor.

Such letter was as follows:

"MAY 26, 1928.

Mr. Percy L. Teed,
    Borough Recorder,
        Roseland, N. J.

DEAR SIR: Complaints have been made by the police committee of the borough of Roseland that you have taken upon yourself the duties of investigating acts in the borough of Roseland violating either state or local laws.

Under the Borough act, which prescribes the duties of the recorder, it is incumbent upon you to hear all criminal cases, cases of bastardy, relief, removal and settlement of the poor, breaches of the peace, vagrancy, disorderly conduct and violations of the borough ordinances which are brought before you for trial. Any investigation upon your part before the trial of the case amounts to a prejudgment of the case and may be grounds for reversing a decision made by you.

The borough council must insist that you perform the duties vested in you by reason of your office and do not go beyond those duties to the extent that your conduct may be prejudicial to justice.

This letter is sent you in accordance with a resolution of the borough council adopted at the meeting of May 25th."

At a special meeting held June 29th, 1928, at which one of the councilmen, the chairman of the public safety committee, presented a Mr. Mooney, of Jersey City, who he explained had been induced by the recorder to sign a complaint against the chief of police for driving his car without his permission. It seems that thereupon Mooney was questioned and the return to the writ contains the statement that he "explained that he had no intention of making a complaint in the matter, that, however, Teed called on him at his place

of business and requested that he sign such complaint. He stated that Teed called on him at least three times before he finally signed the complaint, and only on Teed's statement that if he would not make the complaint somebody else would, and that in that case he, Mooney, would have to appear in court as a witness. Upon further questioning by members of the council, Mooney stated that he had not seen the chief drive his car and that he knew nothing more about the matter than what Teed told him."

Upon motion of the chairman of the public safety committee the council ordered that a set of charges prepared by the public safety committee be served upon the recorder and that he be granted a hearing on July 6th, 1928.

The charges were served upon the prosecutor and he was given notice of a hearing to be held July 6th, 1928.

The charges were as follows:

"To the honorable mayor and council of the borough of Roseland:

"Complaint filed with the mayor and chairman of the public safety committee in connection with numerous investigations made by the public safety committee have resulted in the following charges by the said committee against Percy L. Teed in the conduct of his office as recorder:

"(1) He has examined and investigated before trial the matters pending before him, disqualifying himself from acting as an impartial judge, and by such improper action usurped the function of the police department, destroying the morals of the entire police force.

"(2) He has without warrant induced the making of a charge against the chief of police, Charles Schweinfurth, resulting in his arrest, embarrassing the public safety committee and bringing to the borough cheap notoriety humiliating to the residents of the borough and their official representative.

"We therefore recommend that a hearing and opportunity be given to the said Percy L. Teed to disprove such charges.

"That the finding of the committee after such hearing be

referred to the borough council together with its recommendations as to the proper action to be taken."

The first count of the charge was abandoned at the hearing and the prosecutor was found guilty under the second count and the council adopted a resolution removing him from office, declaring the office vacant and requiring the turning over to the borough clerk of "all dockets, books and insignia of office and other property of the borough of Roseland."

The prosecutor files five reasons why these proceedings and judgment should be set aside.

Reasons one and two go to the same point, namely, that the borough council was without authority to bring the prosecutor to trial for violation of his duties as recorder and was without power to remove him before the expiration of his term of office.

Under these reasons the prosecutor's contention is that he was not appointed under section 3 of the Borough act (1 *Comp. Stat., p.* 229), but under chapter 260, *Pamph. L.* 1927, and that such latter act controls and invests the borough council with no such authority as it undertook to exercise.

We think this contention is without legal force.

The return to the writ clearly indicates that the appointment of prosecutor was made under section 3 of the Borough act, *supra.* That this must be so is clearly shown by reference to *Pamph. L.* 1927, *ch.* 260, *supra,* which distinctly provides for the appointment of a recorder for the term of five years "by resolution" of "the governing body of any borough of this state." It is plain that if this statute is to be taken advantage of such intention must be evidenced by affirmative action, that is by resolution of the governing body. No such action is shown to have taken place.

The appointment was therefore made under section 3 of the General Borough act and it is unnecessary to consider whether the power of removal in that section continues and exists if the appointment had been made under *Pamph. L.* 1927, *ch.* 260.

The remaining reasons, the third, fourth and fifth, go to

the same point, namely, that the complaint upon which the prosecutor was tried, convicted and removed from office, does not set forth any justifiable reasons or violations of duties for which he could be removed, nor was there any evidence of any such acts of omission or commission for which he could be removed from office.

We think these contentions are without factual and legal force. The proofs establish that the prosecutor went to great lengths to secure the making of a complaint against the chief of police, using the actual or assumed power of his office to coerce and practically compel the complaining witness to make the complaint.

The result of such acts was the creating of a discordant condition in the police and law enforcement department of the borough, and we think justified the removal of prosecutor under act under which he was appointed which provides, "all officers shall hold office during the pleasure of the council * * *."

The proceedings under review are affirmed and the writ dismissed.