## JOHN B. COLT COMPANY v. JOHN P. WRIGHT.
[No. 57, January Term, 1932.]

388

Decided April 14th, 1932.

The cause was argued before BOND, C. J., PATTISON, URNER, ADKINS, OFFUTT, DIGGES, PARKE, and SLOAN, JJ.

*Lawrence E. Ensor,* for the appellant.

*A. Everett Williams* and *Jay Williams,* for the appellee.

URNER, J., delivered the opinion of the Court.

A judgment by confession was entered against the appellee, in the Circuit Court for Baltimore County, on two promissory notes for sums aggregating $342. Each of the notes, in the event of default in its payment at maturity, authorized any attorney at law to appear for the appellee in any court of record in the State of Maryland, or elsewhere, to waive the issue and service of process, and to confess a judgment against him for any amount then due on the note, with costs of suit and ten per cent. collection charges. In pursuance of that provision, an attorney at law of Baltimore County appeared for the appellee and agreed to the entry of the judgment. The declaration in the case was supported by affidavit of an officer of the corporate plaintiff that the amount claimed was due from the defendant to the plaintiff, over and above all discounts, and there was an order of court directing the clerk to enter the judgment in accordance with the confession. A motion was subsequently made to strike out the judgment on the ground that the defendant was not a resident of Baltimore County, or engaged in any business

or employment there, but resides in Wicomico County, and that the judgment was therefore rendered by a court without jurisdiction, and is null and void. From an order striking out the judgment on that ground, the plaintiff has appealed.

The contention of the appellee is based upon section 157 of article 75 of the Code, which provides: "No person shall be sued out of the county in which he resides until the sheriff or coroner of the county in which he resides shall have returned a *non est* on a summons issued in such county; provided, that nothing herein contained shall apply to any person who shall abscond from justice in the county where he lives, but such person may be sued in any county where he may be found; and provided further, that any person who resides in one county but carries on any regular business, or habitually engages in any avocation or employment in another county, may be sued in either county, whether before a justice of the peace or in a court of law or equity; this section not to apply to ejectment, dower, replevin, *scire facias* on judgment or decree, nor to heirs, devisees or terre-tenants, against whom process may be issued to another county."

That section has been considered by this court in a number of cases, and the exemption from suit out of the county of the defendant's residence or business has been held to be a personal privilege, which he may waive. If he voluntarily appears to the action, in person or by attorney, and makes no objection on the grounds specified in the statute, and the subject-matter of the suit is within the proper scope of the court's cognizance, it may proceed with the trial and determination of the case in the exercise of a competent jurisdiction. *Public Service Commission v. Byron,* 153 Md. 464, 474, 138 A. 404; *Hodgson v. Southern Bldg. Assn.,* 91 Md. 439, 46 A. 971; *Gemundt v. Shipley,* 98 Md. 657, 57 A. 12, 14; *Harrison v. Morton,* 87 Md. 671, 40 A. 897; *Fairfax Co. v. Chambers,* 75 Md. 604, 23 A. 1024; *Ireton v. Baltimore,* 61 Md. 432. In *Gemundt v. Shipley,* the opinion of the United States Supreme Court in *Interior Construction Co. v. Gibney,* 160 U. S. 219, 220, 16 S. Ct. 272, 40 L. Ed.

401, was quoted from as follows: "The provision as to the particular district in which the action shall be brought does not touch the general jurisdiction of the court over such a cause between such parties, but affects only the proceedings taken to bring the defendant within such jurisdiction, and is a matter of personal privilege, which the defendant may insist upon or may waive at his election; and the defendant's right to object that an action within the general jurisdiction of the court is brought in the wrong district is waived by entering a general appearance without taking the objection."

In this case there was a general appearance for the defendant by an attorney at law who consented on his behalf to the rendition of the judgment. As the action of the attorney was duly authorized, the judgment must be regarded as valid with respect to the jurisdictional question which has been subsequently raised. By the terms of the promissory notes in suit, the defendant empowered any attorney at law to appear for him in any court of record and confess judgment on the notes if they were not paid at maturity. While such a power of attorney should be strictly construed, the validity of general authorizations thus conferred has been definitely recognized. *Webster v. People's Loan etc. Bank,* 160 Md. 57, 152 A. 815; *Crothers v. National Bank,* 158 Md. 587, 149 A. 270; *Denton Nat. Bank v. Lynch,* 155 Md. 333, 142 A. 103; *Keiner v. Commerce Trust Co.,* 154 Md. 366, 144 A. 121; *Automobile Brokerage Corp. v. Myer,* 154 Md. 1, 139 A. 539; *Kartman v. Milliman,* 144 Md. 502, 125 A. 170; *Wisner v. Reeside,* 139 Md. 221, 114 A. 911; *International Harvester Co. v. Neuhauser,* 128 Md. 173, 97 A. 372. In *Freeman on Judgments,* p. 2717, sec. 1309, it is said: "Generally, however, a warrant authorizing any attorney of any court of record to confess judgment does not limit the exercise of the power to the county in which the obligation was payable." It was held in *Ashby v. Manley,* 191 Iowa, 113, 181 N. W. 869, and *Price v. Conrad,* 97 Wis. 150, 72 N. W. 370, that a judgment could be validly rendered in another state under such a warrant.

The suggested inconvenience to which the defendant might be subjected by the exercise of such a power out of the county of his residence is not a sufficient reason for holding his agreement to be ineffective. Any improper advantage taken of the defendant in the entry of the judgment would be duly considered on a motion to strike it out (*Automobile Brokerage Corp. v. Myer; International Harvester Co. v. Neuhauser; Keiner v. Commerce Trust Co.; supra*), but the power of attorney is not made nugatory by such a possibility. In this instance the defendant was given ample notice of the purpose to obtain the judgment, and the authority to confess it does not appear to have been abused. As the jurisdictional ground, upon which alone it was vacated, is not in our opinion an adequate basis for such action, we must reverse the order under review.

*Order reversed, with costs.*