## C. I. T. CORPORATION *v.* W. B. S. POWELL.

[No. 101, October Term, 1933.]

*Decided January 30th, 1934.*

The cause was argued before BOND, C. J., PATTISON, URNER, ADKINS, OFFUTT, DIGGES, PARKE, and SLOAN, JJ.

*Louis Hollander* and *Moses J. Cohen,* for the appellant.

*Wendell D. Allen* and *H. Vernon Eney,* with whom were *Lewis C. Merryman* and *Armstrong, Machen & Allen,* on the brief, for the appellee.

Offutt, J., delivered the opinion of the Court.

This is an appeal from an order of the Baltimore City Court dated May 26th, 1933, striking out a confessed judgment entered at the suit of the C. I. T. Corporation against W. B. S. Powell, for $1,074.27 and an attorney's fee of $107.42, but retaining the lien thereof.

The judgment was entered on September 20th, 1932, and a writ of *fieri facias* thereon issued on October 31st, 1932, to the sheriff of Worcester County, where the defendant resided. On April 24th, 1933, the defendant filed in the case a motion to strike out the judgment, alleging as grounds for that relief: (1) That it had been entered *ex parte* without notice to the defendant, and without opportunity for him to defend it; (2) that he neither resided nor did business in the City of Baltimore and owned no property therein, but resided in Ocean City, Maryland; (3) that he had a "good, meritorious and complete defence" to the cause of action, which he could support by legally sufficient evidence, that he was not indebted in any sum to the plaintiff, but had prior to the suit entered into an accord and satisfaction with the plaintiff of all claims which he had or might have had against the defendant, on account of the claims alleged in the declaration, and had prior to the suit "compromised and settled" the same, and for other good and sufficient reasons to be assigned at the hearing. Upon that motion and a supporting affidavit, a show cause order issued, and on May 8th, 1933, the plaintiff answered, traversing the material allegations of the motion. The motion was set down for a hearing on May 27th, 1933. On that day testimony was taken, argument heard, and the order from which this appeal was taken passed.

The declaration in the action in which the judgment was entered contained the six common counts and two special counts numbered seven and eight. In the seventh count the plaintiff declared on a promissory note for $1,775 dated August 6th, 1930, with interest at six per cent. payable "in New York funds" in installments, executed by the defendant to the Dixie Soda Fountain Service Company, which the plaintiff acquired as a holder in due course and for value,

and upon which a balance of $1,058.39 was unpaid and in default.

In the eighth count it declared that the Dixie Soda Fountain Service Corporation had sold to the defendant a certain soda fountain or refrigerating apparatus and equipment, under a conditional sales contract, upon the purchase price of which, after crediting cash deposits, there remained a balance due of $1,775, for the payment of which the defendant executed a promissory note payable in thirty-six installments, which the plaintiff acquired and held as a holder for value and in due course, and "that the said defendant made certain of said payments as will more fully appear upon the Statement of Account filed herewith and prayed to be considered as a part hereof, the last of which payments was made in August, 1931, and has failed and refused to make any further payments; that the plaintiff then took possession of the said soda fountain or refrigerating apparatus and equipment pursuant to said agreement and sold the same for the best price obtainable, and after crediting the defendant with the net proceeds from said sale the Statement of Account filed herewith will show a balance of one thousand and fifty-eight ($1,058.39) dollars to be due and owing to the plaintiff by the said defendant which the said defendant has failed and refused to pay although requested to do so."

There was filed with the declaration a duplicate copy of the conditional contract of sale, the promissory note, and a statement of account between the C. I. T. Corporation and W. B. S. Powell.

The contract recited the agreement of the parties to a conditional sale of the soda fountain to Powell for $1,852, which Powell was to pay partly in cash by way of a deposit and the balance in thirty-six installments, the deferred indebtedness to be evidenced by the promissory note described in the declaration, and that the title to the property was to remain in the seller until the purchase price and all accrued interest thereon had been paid. It further provided that: "If Buyer defaults in any payment, or in the prompt and faithful performance of any of the foregoing conditions and agreements

* * * the entire balance of the purchase price shall immediately become due and payable, and the Seller or assigns may without notice or demand (1) take possession of and remove said apparatus with or without legal process wherever it may be and in such case may also without notice to the Buyer cancel this contract and said note and as liquidated damages for the Buyer's breach, retain all payments theretofore received as a fair rental for the use of said property and the Buyer shall further pay to the Seller any sums for which he is in default at the time said apparatus is taken; or (2) recover from the Buyer as agreed damages for breaching the contract, the unpaid balance of said note, or any renewal thereof, together with interest at the highest legal contract rate and in such event the Buyer and his surety herein agree that any attorney of any court of record in the United States may appear for Buyer and his surety herein in any amicable or appropriate action and enter judgment against Buyer and his surety herein for the total amount of said note remaining unpaid (whether due or not) with interest as provided therein, and Buyer and his surety agree further that said judgment may be entered without declaration, with costs of suit, release of errors, without stay of execution and with ten per cent. added for attorney's fees (where allowed); or (3) pursue any remedy provided by law in like cases. It is understood, however, that the entry of judgment for the full purchase price shall not be construed as an election by the Seller of its rights hereunder, and upon the Buyer's failure to satisfy such judgment, together with interest and costs, the Seller may, at his option, retake possession of said soda fountain apparatus in the manner elsewhere herein provided, and shall in addition thereto be entitled to receive from the Buyers any loss sustained by reason of such retaking as above provided."

The "statement of account" showed: (1) That Powell had paid from time to time in cash on account of the purchase price $491.88; and (2) that he had been credited with the amount realized by the appellant from a resale of the foun-

tain after it had taken it from Powell, less expenses of such resale of $203.14, itemized as follows:

| | |
|---|---:|
| 15% commission to Mr. Harry Brickman of Equipment Sales Co. for making sale | $ 86.25 |
| Hauling and delivery | 38.75 |
| Replacing broken parts | 17.94 |
| Court cost and attorney's fee in replevin proceedings | 60.20 |
| | $203.14 |

The only witness sworn at the hearing was the petitioner, W. B. S. Powell, who in the course of his examination gave this testimony: "If the judgment is stricken out and you are permitted to file a defense and defend what would be your ground of defense? A. Well, Judge, I gave them a note, signed an eleven hundred and-some-dollar note. This note is seventeen hundred dollars. I don't know how it got to be that much. Then I refused to pay any more on the fountain, told them to take the fountain. They come there and got it. (The Court): Did the machine work right? (The Witness): Yes, sir; she worked all right." He further testified that he had no notice of the suit or the judgment until the sheriff came to his place of business to execute the writ of *fieri facias;* that he then consulted counsel, and several days later received a letter from appellant's attorney; that his attorney first filed "a motion to strike out the judgment at Snow Hill" and also filed a "bill for injunction"; and that after that there was an understanding that the motion should be filed in this case and the proceedings in Worcester County dismissed.

The objections urged in the motion against the judgment, that the defendant had not been notified that the plaintiff intended to secure a judgment against him, that he had no opportunity to defend the action, and that he resided in Ocean City, are without legal force or significance, if the warrants in the note or the contract which he signed applied to this case, for in that event he authorized that identical procedure, and was estopped by his own contract from ques-

tioning it. *Cold Co. v. Wright,* 162 Md. 389, 159 A. 743. But if those warrants did not apply to this case a different question is presented.

From so much of the contract of sale as is recited above, it appears that in the event of the buyer's default, under its terms, the seller could pursue in the alternative any one of three remedies: (1) He could take possession of the property, cancel the contract, retain all payments received on account of its purchase as liquidated damages for the rental of the property, and sue the buyer for any "sums for which he is in default" at the time the apparatus was so taken; (2) recover from the buyer as agreed damages for "breaching the contract" the unpaid balance of the note; and (3) pursue any other legal remedy.

Appellant elected to follow the first remedy, took possession of the soda fountain, sold it, charged the appellee with what he refers to as "costs" incurred in connection with that sale, and credited him with the net balance. By that action it necessarily abandoned the right to any of the other remedies open under the contract, except the right to recover any sums in default, for they were not cumulative but in substitution for each other. And while the contract stipulated that the buyer should pay to the seller "any sums for which he is in default" at the time the apparatus was taken, that liability could only have been enforced in an ordinary action at common law on the contract. The warrant of attorney in the note was obviously not applicable to such a case, because the damages were neither liquidated, nor susceptible of liquidation without reference to matters extrinsic to the note, such as the price obtained by the seller at a resale of the property seized, and what, if any, part of the expense of such sale was to be charged to the buyer. Until these facts were known, the actual amount of the buyer's indebtedness to the seller could not be determined. 34 *C. J.* 105. The warrant in the contract related to one of the alternative remedies and had no application to that pursued by the seller in this case. The attorney, therefore, who appeared for the defendant and confessed judgment against him, confessed the judgment with-

out authority, and the judgment was improvidently entered. *Pattison v. Hughes,* 80 Md. 559, 31 A. 320; *Freeman on Judgments,* 228.

In the case last cited the court stressed the want of notice as affecting the question of jurisdiction, as though mere notice might take the place of legal process, and color is given to that view in *Scheidt v. Schermerhorn,* 133 Md. Md. 470, 105 A. 581. But in *Piedmont Guano Co. v. Merritt,* 154 Md. 228, 140 A. 62, 63, it was held that: "The motion to strike out the judgment was filed after the lapse of the term in which it was rendered, but, unless the appellee was summoned as a defendant, the court was without jurisdiction to enter the judgment against him, as he had not voluntarily appeared. *Kartman v. Milliman,* 144 Md. 502, 125 A. 170; *Fahey v. Mottu,* 67 Md. 250, 10 A. 68. Even if he had actual knowledge of the suit, that fact could not confer the requisite jurisdiction. *Wilmer v. Epstein,* 116 Md. 143, 81 A. 379." But even if it were true that mere notice of the *lis* would bind the defendant, it would not affect this case, because here Powell testified without contradiction that he knew nothing of the suit or the judgment until after the judgment had actually been entered.

Assuming that the court never acquired jurisdiction of the defendant in person before the judgment, and that he was sued out of the county of his residence, nevertheless, since the court had jurisdiction of the subject-matter, the defendant had the right to waive any objection to the judgment on that ground (*Ireton v. Baltimore,* 61 Md. 432), even after it had been entered. *Bowers on Waiver,* sec. 359. That he did waive it in this case appears from this colloquy between court and counsel: "(The Court) : * * * I think the fair thing to do is to retain the lien of the judgment. I will grant the motion to strike out the judgment and retain the lien. Nobody is hurt and if the C. I. T. Corporation has a case they have not lost their lien. (Mr. Eney) : Yes, sir; we are satisfied with that. (The Court) : If Captain Powell has no case he is no worse off now than he was before. (Mr. Eney) : We are very well satisfied with that." By that

action the defendant admitted that the court had jurisdiction to try the case and enter the judgment, for by consenting to let the judgment stand to protect the plaintiff pending a trial on the merits, he necessarily conceded that the judgment was voidable and not void. That concession, however, was not absolute but conditional, that is to say, the court had stated that it would retain the lien of the judgment but permit a trial on the merits, so that the statement of counsel, "we are satisfied with that," was referable to both propositions.

Upon that state of fact the question arises as to whether the defendant was obliged to show a meritorious defense to entitle him to the relief prayed. If the judgment was wholly void and a nullity, obviously no showing of merit was necessary. *Freeman on Judgments,* par. 282. If the judgment was merely voidable, under the practice in this state it was incumbent upon the defendant to show that he had a meritorious defense. 34 *C. J.* 333; *Scheidt v. Schermerhorn, supra; Denton National Bank v. Lynch,* 155 Md. 333, 142 A. 103. The court had jurisdiction of the subject-matter of the action. At the time the judgment was entered it had not jurisdiction of the person of the defendant; but the defendant, by consenting to the action of the court in permitting the judgment to stand as security, waived any objection to the judgment on that ground. Under those conditions it might be contended that, since he agreed to the trial of the action in that court on the merits, it was incumbent upon him to show that there was merit in his defense; but for the reasons stated below it becomes unnecessary to deal with that question, because it appears from the record that the amount of the judgment entered included charges made against the defendant for certain so-called costs, said to have been incurred in connection with the recapture and sale of the chattels sold to the defendant. The authority for those charges does not appear from the note, contract, account, or any other evidence before the court when the judgment was entered. It therefore appears that the judgment was for an amount greater than that authorized by any evidence submitted to the court when it was

entered, and, for reasons already stated, the act of the supposed attorney for the defendant in confessing the judgment was unauthorized. That in itself, in the opinion of the majority of the court, constituted a meritorious defense, and was sufficient to justify the action of the trial court in striking out the judgment.

Inasmuch as such questions as the existence of an accord and satisfaction, settlement, and the construction of the original contract, to determine what, if any, payments were in default at the time the property was seized, will be open at any trial of the case on its merits, they will not be dealt with in this opinion.

It follows from what has been said that the order striking out the judgment will be affirmed.

*Order affirmed, with costs.*