JOSEPH J. WEINBERGER, RELATOR, v. SAMUEL HILFMAN, RESPONDENT.

Argued January 21, 1930—Decided May 1, 1930.

Before Justices PARKER, BLACK and BODINE.

For the relator, *Merritt Lane.*

For the respondent, *Edward F. Merrey.*

For John J. Roegner, mayor, intervenor, *McCarter & English.*

PER CURIAM.

In this proceeding the relator claimed to be lawfully entitled to the office of city counsel of Passaic, and to have been ousted therefrom by the respondent. The issue arising on the pleadings went to the Circuit for trial and was tried by Judge Porter, Circuit Court judge, a jury being waived. He made findings of fact and law and as a result of such findings signed the usual *postea* adjudging, among other things, that relator was entitled to immediate possession of the office and to hold the same until May, 1931. This was filed January 2d, 1930, and rule for judgment was entered thereon at once.

It is urged that this judgment should not stand, first, because relator is under indictment (as set out in the information) for conspiracy to obtain money from a trust company by false pretenses; and secondly, because under the common law practice, claimed to be still applicable in cases of *quo warranto,* judgment on *postea* may not be entered until the following term of this court.

With regard to the first point—it may be conceded for present purposes that relator subjects himself to just criticism by insisting on the exercise of a public office while under indictment. However, we express no opinion on that phase of the matter beyond saying that such a situation connotes no legal disqualification, and that all these facts were before Judge Porter on the record, and as he does not even allude to them we assume that this point was not made before him. In our view it has no legal substance; and as the case has been maturely decided after a full and careful trial, we do not think the court should stay judgment on such a ground as this.

As to the second point—assuming but without deciding its correctness, the new term opened on the day when this motion was made, so that in any event *postea* might have been filed and judgment entered that very day on motion *ex parte.* Consequently no useful purpose would be subserved by vacating the judgment on a technicality only to enter it again the next moment.

The motion to vacate the judgment is therefore denied.

The counter motion is by relator, based on section 11 of the *Quo Warranto* act (*Comp. Stat., p.* 4214), for an order directing the surrender of the office by the respondent. To this relator is clearly entitled, on giving the bond provided in the statute. Naturally, if the judgment is to have any effect it should be enforced, and the language of the statute clearly contemplates this, even to the extent of enforcing it notwithstanding a writ of error. A rule may be presented accordingly. The bond should be in double the amount of the salary of the office from this date until the expiration of the term in May, 1931.

For the mayor and director of public affairs, it is urged by way of intervention that for reasons not presented on the record or at the trial, and not necessary to mention here, the relator was never lawfully appointed to the office. Such a point might have been quite proper to urge while the suit was pending and before judgment, provided the record had been amended to raise it; but we do not feel justified in considering it at the present juncture. It is in effect a motion in arrest of judgment for a matter not appearing on the record, and counsel will doubtless agree that such a motion is without legal foundation.