JAMES D. MOORE, RELATOR, v. WILLIAM J. ENNIS, RESPONDENT.

Argued May term, 1932—Decided October 17, 1932.

Before GUMMERE, CHIEF JUSTICE, and Justices BODINE and DONGES.

For the relator, *Abram A. Lebson.*

For the respondent, *Mackay & Mackay (Howard Mackay,* of counsel).

PER CURIAM.

The present proceeding was instituted under section 4 of the *Quo Warranto* act (3 *Comp. Stat., p.* 4212), which provides: "Whenever it is alleged that any person usurps, intrudes into or unlawfully holds or executes any municipal office or franchise within this state, any citizen of this state,

who believes himself lawfully entitled to such office or franchise, may, as relator, file in the office of the clerk of the Supreme Court an information in the nature of a *quo warranto,* against such person, for usurping, intruding into or unlawfully holding or executing any such office or franchise, and may proceed therein in such manner as is usual in cases of informations in the nature of a *quo warranto,* except as is otherwise provided in this act."

*Pamph. L.* 1927, *ch.* 260, *p.* 480, provides as follows: "It shall be lawful for the governing body of any town, and the governing body of any borough of this state, by resolution, to appoint a recorder in any such town or borough, which said recorder in any such town or borough shall hold office for a term of five years from the first day of January of the year of his appointment, and thereafter until a successor shall be appointed and qualify. A recorder appointed in any such town and borough shall receive such compensation as the governing body shall by law fix."

The relator claims the office of recorder for a term of five years from the first day of January, 1928, under the foregoing statute, and the following resolution duly adopted: "Be it resolved by the governing body of the borough of Fort Lee, that James D. Moore is hereby appointed recorder of said borough of Fort Lee."

The mayor of Fort Lee appointed William J. Ennis, the respondent, to the office of recorder January 1st, 1931. He has since exercised the duties of that office to the exclusion of the relator, who has been restrained from performing the duties of his office by the chief of police.

The case turns upon the solution of three points:

First. Is the Borough act, as amended (*Pamph. L.* 1922, *p.* 248), controlling, or was relator chosen by the borough governing body for a term of five years pursuant to the 1927 statute? We think that the later statute controlled. The proofs show a resolution by the governing body indicating that they were proceeding under the later act. *Teed* v. *Roseland,* 7 *N. J. Mis. R.* 43; 144 *Atl. Rep.* 121. Besides the testimony of the members of the then governing body, if

competent, indicates that they were proceeding under the 1927 act. There is nothing before us to indicate that an appointment made in 1927 was made after the passage of that act.

Second. *Quo Warranto* is the proper remedy. *Anderson* v. *Myers,* 77 *N. J. L.* 186; 71 *Atl. Rep.* 139; *Brodman* v. *Rade,* 101 *N. J. L.* 207; 127 *Atl. Rep.* 249; *Weinberger* v. *Hilfman,* 8 *N. J. Mis. R.* 32; 148 *Atl. Rep.* 177; 8 *N. J. Mis. R.* 317; 150 *Atl. Rep.* 198; *Randolph* v. *Rahway,* 106 *N. J. L.* 296; 148 *Atl. Rep.* 793.

Third. Relator appears not to be in laches.

Our conclusion, therefore, is that judgment should be entered that the respondent be ousted from the office of recorder of the borough of Fort Lee, and that the relator is entitled thereto until the expiration of his term of five years from the 1st day of January, 1928.