PIEDMONT-MT. AIRY GUANO COMPANY *v.*
GEORGE W. MERRITT.

[No. 66, October Term, 1927.]

*Decided January 11th, 1928.*

The cause was argued before Bond, C. J., Pattison, Urner, Adkins, Offutt, Digges, Parke, and Sloan, JJ.

*E. Ridgely Simpson,* with whom were *Horace T. Smith, Charles Ruzicka,* and *Smith & Smith* on the brief, for the appellant.

*E. Paul Mason,* with whom were *Mason & MacGregor* on the brief, for the appellee.

Urner, J., delivered the opinion of the Court.

A judgment by default, at the suit of the appellant, was entered against the appellee and his son, who has since died. The son was a resident of Baltimore City, while the father resided in Baltimore County. A motion was filed by the appellee to strike out the judgment against him on the ground that he had not been summoned. The appeal is from an order granting the motion and giving the appellee an opportunity to make defense on the merits.

The sheriff's return on the writ of summons issued in the case was: "Summoned *ambo* and copy of *narr.* and notice to plead left with each defendant." The deputy sheriff, in whose hands the writ was placed for service, testified that he summoned the appellee's son and codefendant, at the address of the latter noted on the writ, and made an engagement to return on the following Friday evening in expectation of then finding the appellee at his son's home, and that, having returned there at the appointed time, he served the writ upon the appellee in person and left with him a copy of the declaration and notice to plead. The appellee denied in his testimony that the writ was ever served upon him, or that he was at his son's home at the time mentioned by the deputy sheriff. It was stated by the deputy that the service on the appellee, whom he had never seen previously, was made about 5.30 p. m., which was after dark, on February 5th, 1926, in the vestibule of the house in which the codefendant lived, and from the officer's observation of the man who came to the door, and upon whom he served the writ, in the light

afforded by a small electric lamp on the ceiling of the hallway, he identified him, but not with absolute certainty, as the person whom he recognized as the appellee at the hearing. It was testified by the appellee that he never went to his son's home except in the morning and about eight, nine, or ten o'clock at night. His son's widow also testified that the appellee never visited them as early in the evening as the hour mentioned by the deputy as the time of service of the process. The same witness further stated that she found on the chifferobe in her bed room the two copies of the declaration and notice to plead, intended for the appellee and her husband, that she did not see them afterwards, and that she thought her husband put them in his pocket. The copy marked for the appellee's use was handed to him, as he testified, by his son, and he immediately took it to his lawyer. It is uncertain from the testimony of the appellee as to the time of his receipt of the copy, but he said that it was given him long before his son's death, which occurred about seven months after the entry of the judgment by default.

The motion to strike out the judgment was filed after the lapse of the term in which it was rendered, but unless the appellee was summoned as a defendant, the court was without jurisdiction to enter the judgment against him, as he had not voluntarily appeared. *Kartman v. Milliman,* 144 Md. 502; *Fahey v. Mottu,* 67 Md. 250. Even if he had actual knowledge of the suit, that fact could not confer the requisite jurisdiction. *Wilmer v. Epstein,* 116 Md. 143. The official return endorsed on the writ was presumptively correct, and the burden was upon the appellee to prove that it was erroneous. *Adkins v. Selbyville Mfg. Co.,* 134 Md. 497; *Abell v. Simon,* 49 Md. 318; 2 *Poe, Pl. & Pr.,* sec. 75. The mere denial of service by the person appearing by the officer's return to have been summoned will not overcome the presumption as to its verity. *Wilmer v. Picka,* 118 Md. 543. But where the evidence convinces the court that the party disputing the return was not in fact summoned, and had not voluntarily appeared, its duty is to rescind the judgment entered in the exercise of a jurisdiction thus found to have been un-

warrantably assumed. This was the conclusion which the court below reached upon the evidence in the present case. The judge presiding there had the advantage of hearing and observing the witnesses, and was therefore in a more favorable position than our own to determine as to the force and weight of their testimony. It is apparent from the record that the deputy sheriff who made the return was not positive as to the identity of the person upon whom the process against the appellee was actually served. While the officer acted and testified with perfect good faith, the circumstances were such as to aid the theory that he was mistaken in his belief that he had served the writ upon the appellee in accordance with its direction. The denial of the appellee is supported by proof, already summarized, which appears to be worthy of credence. In our opinion, the decision of the lower court upon the question of fact presented by the appeal should not be disturbed.

*Order affirmed, with costs.*