## DEVIER v. GEORGE COLE MOTOR CO. et al.

District Court, W. D. Virginia, at Harrisonburg.

June 1, 1939.

Glenn W. Ruebush and D. W. Earman, both of Harrisonburg, Va., for plaintiffs.

Conrad & Conrad, of Harrisonburg, Va., for defendant George Cole Motor Co.

E. D. Ott, of Harrisonburg, Va., for defendant William N. Sanders.

PAUL, District Judge.

The defendant George Cole Motor Company, a resident of the State of Tennessee, has been sued in this district as the result of an automobile accident occurring within the district and in which the alleged offending car is charged to have been owned by the George Cole Motor Company at the time of the accident and to have been driven by one of its employees. Service of process upon the defendant was had in accordance with the provisions of Section 2154(70) of the Virginia Code, providing for service in such cases upon non-resident defendants.

The defendant has appeared specially in objection to the jurisdiction of the Court over it and moved that the action as to it be dismissed or in lieu thereof that the return of service be quashed. It advances several grounds as the basis for its motion, which are substantially as follows:

First, it raises the question that inasmuch as the Commissioner of Motor Vehicles, upon whom service may be made, resides in and has his office in the Eastern District of Virginia, he cannot be served by a process issuing from this Court, the contention being that the civil process of this Court does not run outside of the district. The objection is not well taken because of the fact that the rules of civil procedure have altered the law in the respect mentioned; and under Rule 4(f), 28 U.S.C.A. following section 723c, it is specifically provided that process may run within the territorial limits of the state in which the court is held.

The record shows that process was delivered to the Director of Motor Vehicles on the 1st day of April, 1939, and that notice thereof was mailed to the defendant in Tennessee on the 4th day of April, 1939. The statute provides that such serv-

ice shall be effective provided that when service is made upon the Director of Motor Vehicles notice of such service and a copy of the process are "forthwith" sent by registered mail to the address of the defendant. Objection is made that the statute was not complied with due to the delay of three days in the mailing of the notice by the Director of Motor Vehicles, it being contended that this delay does not comply with the term "forthwith". I think there is no validity in this objection. The statute is merely directory as to the course to be pursued by the Director of Motor Vehicles. The 1st day of April was on Saturday and the notice was mailed on the following Tuesday. It is not shown at what time of day the notice was delivered to the Commissioner's office on Saturday, but considering the intervening Sunday it could not be said that the mailing of the notice on Tuesday showed any undue delay, and the defendant has been injured in no way by such brief delay as did occur. There is no accurate definition of the term "forthwith" and the mailing within a reasonably prompt time, where the interest of none of the parties has been affected, would seem to be a compliance with the statute.

■ The third question raised by the defendants' motion and one upon which it earnestly relies is its contention that the George Cole Motor Company was not in fact the owner of the automobile involved in the accident and that the person who was driving the car at the time of the accident was not at the time an employee of the George Cole Motor Company; that this defendant in fact had no concern or connection with the accident, in that there were involved in it neither an automobile owned by it or a person employed by it. It, therefore, takes the position that as to the car involved and which was being driven over the highways of Virginia, the Director of Motor Vehicles was not the agent of the defendant and that process served upon him could not be effective as against the defendant.

It is conceded that the question of the ownership of the automobile and of the employment status of the driver of the car are questions of fact. Nevertheless the defendant contends that even if an issue of fact does exist as to the ownership of the automobile and as to the person by whom the driver was employed at the time of the accident that this issue should be tried and determined before it is compelled to answer and before a trial is had upon the merits of the case.

■ It is not infrequent that these same questions are raised in automobile cases where the ownership of the car is in question or where it is contended that the driver of the car, while regularly in the employment of a defendant, is on the particular occasion engaged in some mission of his own and one not in the course of his employer's business. These are questions of fact which can be determined in one trial along with the other issues of fact in the case, and it has been the policy of this Court to determine them along with all other issues of fact in one trial rather than to go to the trouble and expense upon litigants of trying these matters out separately. It is quite clear that if upon a trial of the case on its merits it should develop that the automobile was owned by someone else other than the George Cole Motor Company or that it was being operated at the time on a mission not connected with the defendant's business and that, therefore, no liability rested on the defendant, the jury could be instructed that no liability rested on the defendant. There seems, therefore, no necessity for having two trials of the case when all defenses that the defendant may have to offer can easily be settled in one trial; nor do I think there is ground for the uneasiness expressed by the defendant's counsel that if they are compelled to answer to the merits of the case they may be held to have lost the benefit of their objections to the jurisdiction of the Court. In filing an answer, the defendant may set up as one of his defenses therein the same contention which he now makes and it will become a proper issue of fact in the case. An answer may set up as many defenses as are desired irrespective of the variance in their nature; and if any of them are good, the defendant would be fully protected.

The motion to dismiss the action as to the George Cole Motor Company or to quash the return of service on it will, therefore, be denied, it being noted that the defendant objects to the action of the Court in this respect and as to the action of the Court in respect to each of the grounds set forth in said motion.

■ The action of the Court in respect to said motion having been indicated to counsel, a motion is made for a bill of particulars of the particular grounds or acts of negligence upon which the plaintiff relies.

It appears that the defendant is entitled to this and the plaintiff will be directed to furnish such bill of particulars within ten days. The defendant will be required to answer within twenty days after receipt of the bill of particulars.