WILLIAM T. WEIR, Plaintiff, v. RALPH RUSSELL DEVINE, Defendant.

*(July* 27, 1953.)

LAYTON, J., sitting.

*William J. Storey* for Plaintiff.

*Samuel R. Russell* (of Tunnell and Tunnell) for Defendant.

Superior Court for Kent County, No. 8, Civil Action, 1952.

LAYTON, J.:

The subject matter of this motion concerns due process of law, and Sec. 4590 must be strictly construed, *Webb Packing Co. v. Harmon,* 9 *W. W. Harr.* 22, 196 *A.* 158. In *McLean Trucking Co. v. Stover,* 8 *Terry* 110, 87 *A.* 2d 879, 880, Judge Terry held that the word "forthwith" means with "reasonable dispatch consistent with the circumstances presented." He concluded that the sending of the registered letter required by Sec. 4590 some three months after service upon the Secretary of State was not a forthwith mailing. Defendant argues that in this case, plaintiff did not complete registered notice as required by Sec. 4590 until four months after service upon the Secretary of State and, accordingly, this case comes squarely within the holding of the *McLean* case just referred to.

Whether or not the three months' period during which plaintiff's attorney may have been using every effort promptly to obtain a new address for defendant should be counted, I do not decide. Compare *Paxson v. Crowson,* 8 *Terry* 114, 87 *A.* 2d 881. The fact remains that defendant's new address was received by plaintiff's Delaware counsel on May 15, 1952. He did not send the required notice by registered mail to defendant until June 10. In my judgment, an unexplained delay of 25 days is not a forthwith mailing as contemplated by the statute.

Let the return of service be quashed.