## HAMMOND *v.* DIRECTOR OF PATUXENT INSTITUTION

[App. No. 25, September Term, 1962.]

*Decided October 11, 1962.*

Before BRUNE, C. J., and HENDERSON, HAMMOND, PRES-COTT, HORNEY, MARBURY and SYBERT, JJ.

PER CURIAM.

This is an application for leave to appeal from an order of

the Criminal Court of Baltimore, dated June 4, 1962, finding the applicant to be a defective delinquent, after a hearing before Judge Byrnes, sitting without a jury, and committing him to the Patuxent Institution as a defective delinquent. This application is filed under the provisions of Code (1962 Cum. Supp.), Article 31B, § 11.

In his application he makes the following contentions: 1, that the State suppressed or withheld material evidence; 2, that his representation by counsel, before, during and after his trial, was utterly inadequate; 3, that evidence which had been illegally seized was used against him at his trial; and 4, that counsel was not appointed to represent him at his arraignment.

It is clear that the four contentions made by the applicant in his application for leave to appeal have reference solely to the trial under three indictments in which he was convicted in the Criminal Court of Baltimore on June 26, 1961, of larceny, disturbing the peace, drunk on a public street, disturbance of the peace, assault, and assault upon a police officer.

He assigns no error at the hearing in which he was found to be a defective delinquent and from which he now seeks to appeal. The question of the applicant's guilt or innocence of the criminal charges for which he was convicted is not at issue in a hearing for determination of defective delinquency. The sole issue is whether the person is a defective delinquent. *Simmons v. Director,* 227 Md. 661, 177 A. 2d 409; *Blizzard v. State,* 218 Md. 384, 147 A. 2d 227. There is, therefore, nothing before this court to review on appeal.

*Application denied.*