## NAPIER *v.* DIRECTOR OF PATUXENT INSTITUTION

[App. No. 28, September Term, 1963.]

*Decided October 18, 1963.*

Before HENDERSON, HAMMOND, PRESCOTT, HORNEY, MAR-BURY and SYBERT, JJ.

PRESCOTT, J., delivered the opinion of the Court.

The applicant filed appeals from the denial of two motions made by him, and from a determination by a jury in Howard County on April 3, 1963, that he was a defective delinquent.

The record discloses that on April 3, 1963, the applicant made two motions addressed to the trial judge: (1) for a change of venue; and (2) that the trial judge disqualify himself. Both motions were denied on the same day, and, still on the same day, separate appeals were noted to this Court, and, after the jury's determination that applicant was a defective delinquent, he was committed to Patuxent Institution (still on April 3rd). Thereafter, on May 6, 1963, he noted a simple appeal to this Court from "the finding by the Jury that the Defendant was a Defective Delinquent." The State moves to dismiss the appeals.

It is apparent that they must be dismissed. The denials of the two motions were obviously preliminary orders and any attempted appeals therefrom before the case was heard below are premature. Cf. Code (1957), Art. 5, § 1; Maryland Rule 894

656

(a) (1961 Ed.). There are no provisions in the laws of Maryland or in the Maryland Rules that permit appeals, or applications for leave to appeal in defective delinquency proceedings from interlocutory orders (in addition we have held that there is no constitutional nor statutory authority to remove defective delinquency proceedings, *Bullock v. State,* 230 Md. 280, 186 A. 2d 888; and the only reason given for requesting Judge Macgill to disqualify himself was the bald statement in the motion that he had sat in a previous case of the applicant, when he was convicted of a crime, which, by itself, was not a sufficient reason to require the judge to disqualify himself).

The third appeal was not noted within the thirty days provided by Maryland Rule 894 (a) 1; and none of the attempted appeals makes any attempt to comply with Maryland Rule 894 (a) 2 (a).

*Appeals dismissed.*