ERVIN *v.* BELAND ET AL.

[No. 414, September Term, 1967.]

*Decided December 5, 1968.*

The cause was argued before HAMMOND, C. J., and MAR-BURY, McWILLIAMS, FINAN, SINGLEY and SMITH, JJ.

*David Kimmelman,* with whom was *William O. Goldstein* on the brief, for appellant.

*John W. Thomas, Jr.,* and *Eugene A. Edgett, Jr.,* for appellees.

SINGLEY, J., delivered the opinion of the Court.

This case turns on the proper construction of Maryland Code (1957, 1967 Repl. Vol.) Art. 66½, § 115 (the Act), which provides for service of process upon non-resident owners or operators of motor vehicles. The history of the Act can be found in *Hunt v. Tague,* 205 Md. 369, 375-77, 109 A. 2d 80 (1954).

On 5 May 1965, Ervin entered suit in the Superior Court of Baltimore City against Harold J. Beland, whose address was given as "249 Cowden Street, Rhode Island" and Burnham Van Service, Inc. (Burnham) of Columbus, Georgia. The declaration alleged that Ervin had been injured on 7 April 1965 when the automobile which he was driving was struck by a van owned and operated by Beland, an employee of Burnham.[1] Damages in the amount of $60,000 were claimed. The declaration contained no direction with respect to service on the Secretary of State (although service of the summons seems to have been made on 11 May) nor was a notice to plead appended to the declaration.

The Act, § 115 (b) provides that service on a non-resident defendant shall be made by leaving a copy of the process with the Secretary of State and continues:

"* * * provided that notice of such service and a copy of the declaration, cause of action or titling shall *forthwith* be sent by registered mail by the plaintiff or his attorney to the defendant and defendant's return receipt and the plaintiff's or his attorney's affidavit of compliance herewith shall be filed with the clerk of the court * * * in which the said proceedings are pending." (Emphasis added)

The Act, § 115 (c) requires personal service in the event that a return receipt, signed by the defendant, is not returned; § 115

---

1. It would appear that the vehicle was actually owned by a corporation not joined as a defendant, and leased to Burnham.

(d) requires that the defendant plead to the declaration within 60 days from the delivery of notice or the service of process; § 115 (e) authorizes the entry of judgment by default if the defendant fails to plead, and § 115 (g) suggests a form of notice to be used.

It was not until 2 February 1966 that Ervin's counsel attempted to comply with §§ 115 (b) and 115 (g) of the Act, by sending the following letter by certified mail, for which he received return receipts:

"February 2, 1966

"Mr. Harold J. Beland
249 Cowden Street
Rhode Island
     and
Burnhan [sic] Van Service, Inc.
P. O. Box 112
Columbus, Georgia

Re: Charles Ervin
vs. Beland and
Burnhan [sic]
1965/793/93126

"Gentlemen:

"Please be advised that suit has been filed in the Superior Court of Baltimore City against each Defendant.

"You have 60 days, under the law of the State of Maryland, in which to file your Answer in the Superior Court of Baltimore City.

"I assume this will be taken care of.

Very truly yours,
David Kimmelman"

On 9 March 1966, an affidavit of compliance was filed which was intended to meet the requirements of § 115 (b) of the Act. When Beland and Burnham failed to plead, a default judgment was entered against them on 5 May 1966. On 25 January 1967 Burnham was given notice to appear at an inquisition to assess damages. It was this notice which spurred the defendants'

motion to set aside the judgment by default. From the granting of that motion, this appeal was taken.

Kimmelman's affidavit of compliance recited that he had sent to Beland and Burnham "* * * a copy of the Declaration and notice of service upon said Defendants by service of a copy of the process on the Secretary of State of Maryland or office, together with notice to plead and election for Jury trial * * *." In their affidavits, filed in support of the motion to dismiss, Beland and Burnham insist that they had received nothing but the letter. Ervin was not only unable to offer convincing proof that the enclosures had accompanied the letter, but the very manner in which the letter was phrased would seem to support the contention that there were no enclosures.

The lower court's revisory power over the default judgment is derived from Maryland Rule 625 a:

"For a period of thirty days after the entry of a judgment, or thereafter pursuant to motion filed within such period, the court shall have revisory power and control over such judgment. *After the expiration of such period the court shall have revisory power and control over such judgment, only in case of fraud, mistake or irregularity.*" (Emphasis added)

Beland and Burnham, in moving to set aside the judgment, quite properly relied on the italicized portion of the Rule. *Murray v. Fishman Constr. Co.,* 241 Md. 538, 217 A. 2d 357 (1966); *Tasea Investment Corp. v. Dale,* 222 Md. 474, 160 A. 2d 920 (1960); *Williams v. Snyder,* 221 Md. 262, 155 A. 2d 904 (1959); *Rhodes Hardwood Flooring Co. v. Blue Ridge Flooring Co.,* 218 Md. 329, 146 A. 2d 771 (1958). *Compare,* however, *Grantham v. Board of Co. Comm'rs,* 251 Md. 28, 246 A. 2d 548.

Beland and Burnham argue, and we think correctly, that the Act clearly conditions the effectiveness of service on the Secretary of State upon promptly sending the notice required by the Act to the defendant or his attorney.

The Act, § 115 (g) suggests a form of notice which will be deemed sufficient:

"To ........, Defendant. You are hereby notified

that suit has been filed against you by ........, Plaintiff, in the ........ Court ........ State of Maryland, or before a Justice of the Peace or Trial Magistrate, in the ........ election district of ........ County, Maryland (or before the Justice of the Peace or Trial Magistrate at large for said County or in the People's Court of Baltimore City), to recover cause of action or titling attached hereto; and that service of process against you has been made by leaving a copy of such process in the hands of the Secretary of the State of Maryland, or in his office; and that you must plead to said declaration, cause of action or titling within sixty days from the date of delivery noted upon your return receipt to this letter, or else judgment by default may be entered against you."

It will be noted that the recommended form contains these ingredients:

(1) Notification of the filing of the suit and of the forum in which it was filed;
(2) Notice that service has been made on the Secretary of State;
(3) Attachment of a copy of the declaration;
(4) Notice that if a plea is not filed within 60 days of delivery, a default judgment may be entered.

It should be observed that (1) and (4), which appear in the suggested form are not mentioned by § 115 (b), but that (2) and (3) are required. Interestingly enough, Ervin's letter of 2 February incorporated the components which are merely advisory, but omitted those which are mandatory.

Even if we view the letter of 2 February 1966 as leniently as is possible, and assume, for the purposes of argument, that a copy of the declaration had been enclosed, the letter was still defective, in that it failed to notify the defendants that service had been made on the Secretary of State.

There is, however, another, and even more compelling dereliction. It will be recalled that Ervin's suit had been filed on 5 May 1965; that § 115 (b) of the Act requires that "* * *

notice of such service and a copy of the declaration * * * shall *forthwith* be sent by registered mail by the plaintiff or his attorney to the defendant * * *" (emphasis added) ; and that the letter on which Ervin relies was sent on 2 February 1966, almost nine months later.

Black's Law Dictionary (3d ed. 1933) defines "forthwith" : "As soon as, by reasonable exertion, * * * a thing may be done. Thus, when a defendant is ordered to plead forthwith, he must plead within twenty-four hours. When a statute enacts that an act is to be done 'forthwith' it means that the act is to be done within a reasonable time."

Our predecessors, in considering the meaning of the term "forthwith", as used in the notice requirement of an insurance policy, have held it to mean "* * * with due diligence, or without unnecessary procrastination or delay, under all the circumstances of the case." *Edwards v. Balto. Fire Ins. Co.,* 3 Gill 176 at 188 (1845). In the context of service under non-resident automobilist statutes, "forthwith" does not mean instantaneously, but "with all reasonable dispatch consistent with the circumstances or with due diligence under all the circumstances." *Hatch v. Hooper,* 101 N. H. 214, 138 A. 2d 671, 673 (1958). Consequently, a delay of three days has been held to be permissible, *Devier v. George Cole Motor Co.,* 27 F. Supp. 978 (D. Va. 1939), but delays of 25 days, *Weir v. Devine,* 48 Del. (9 Terry) 102, 98 A. 2d 778 (Super. Ct. Del. 1953) and of three months, *McLean Trucking Co. v. Stover,* 47 Del. (8 Terry) 110, 87 A. 2d 879 (Super. Ct. Del. 1951) have been held to invalidate the service. We conclude that Ervin's notice, even had it been good in other respects, failed by far to meet the statutory requirement.

The defendants are right when they say that the Act, being in derogation of the common law concept of personal service, demands strict compliance, and we have so held. In *Wagner v. Scurlock,* 166 Md. 284, 170 A. 539 (1934) we said :

> "If a plaintiff has strictly followed the provisions of the statute [the predecessor of the Act], he is entitled to its benefits ; if he has not done everything which the statute says he must do, in order to give the court

jurisdiction, then his whole proceeding is subject to attack at any time. *Hess v. Pawloski,* 274 U. S. 352, 47 S. Ct. 632, 71 L. Ed. 1091; *Dwyer v. Shalek,* 232 App. Div. 780, 248 N.Y.S. 355." 166 Md. at 295

*See also, Employers' Liability Assurance Corp. v. Perkins,* 169 Md. 269, 181 A. 436 (1935).

It makes little difference whether Ervin was or was not guilty of fraud or mistake, since Ervin's failure to comply with the Act amounted to an irregularity in the proceedings which went to the jurisdiction of the court. As a result, the court lacked power to proceed to judgment. *Little v. Miller,* 220 Md. 309, 314-15, 153 A. 2d 271 (1959); *Harvey v. Slacum,* 181 Md. 206, 29 A. 2d 276 (1942).

Ervin argues, however, that Burnham had actual notice of the pendency of the action because of letters written to Burnham and to an insurance carrier that appears to have insured Beland and an employer other than Burnham. A similar contention was made with no greater success in *Employers' Liability Assurance Corp. v. Perkins, supra,* which arose under the progenitor of the Act. In that case our predecessors said:

> "* * * The fact that the defendant had, in any other than the specified manner, acquired actual knowledge of the bringing of the action and its nature, would not confer a jurisdiction which arises only upon the fulfillment of the definite and uniform conditions erected by a constitutional enactment." 169 Md. at 278.

Under our prior decisions, actual knowledge has never conferred jurisdiction in the absence of service of process or a voluntary general appearance, *Harvey v. Slacum, supra; Wilmer v. Epstein,* 116 Md. 140, 143, 81 A. 379 (1911) and a judgment by default, although enrolled, will be stricken, even if the defendant knew of the judgment, when valid service of process has not been effected. *Piedmont-Mt. Airy Guano Co. v. Merritt,* 154 Md. 226, 140 A. 62 (1928).

The brief filed in behalf of the appellees urges us to dismiss the appeal because Ervin has failed to comply with Rule 828 b, which relates to the contents of the printed record extract, and

Rule 828 c, which sets out the manner in which the contents may be stipulated by agreement of the parties. While the motion seems well founded, and Rules 835 a 2 and 835 b (5) would permit us to dismiss on our own motion, it seems preferable to rest our conclusion on substantive, rather than procedural reasons.

*Order affirmed; costs to be paid by appellant.*