432

GREGORY BELTON CANNADY *v.* DIRECTOR, PATUXENT INSTITUTION

[App. No. 88, September Term, 1974.]

*Decided November 18, 1974.*

Before ORTH, C. J., and MORTON and GILBERT, JJ.

GILBERT, J., delivered the opinion of the Court.

In *Bush v. Director,* 22 Md. App. 353, 324 A. 2d 162 (1974), *cert. denied* by the Court of Appeals of Maryland, *sub nom., Mazan v. Director,* on October 24, 1974; we had the occasion to reverse a finding of defective delinquency because of an Assistant State's Attorney's impermissible inquiry relative to the purpose of and the treatment afforded by Patuxent

Institution. We said that "questions employed . . . [and] designed 'to sell' Patuxent to the jury" were improper. Further, we cautioned against "blind or badly regulated zeal" because it might "encroach upon the rights of others." We concluded in *Bush* that "the prosecutor's zeal did trespass upon Bush's rights . . . ."

Apparently mindful of our holding in *Bush,* the State in the instant case set sail on a different course. The course it chose appears to have been charted so as to circumnavigate *Bush.*

The record reflects that Gregory Belton Cannady pleaded guilty in the Criminal Court of Baltimore to the crime of murder in the second degree, and he was sentenced to imprisonment for a period of twenty years. Subsequently, the Division of Correction requested that Cannady be evaluated by Patuxent Institution. The request was satisfied. The Patuxent staff determined that Cannady was a defective delinquent within the meaning of Md. Ann. Code art. 31B, § 5, and so reported to the court. Cannady then petitioned for the appointment of an independent psychiatrist. Md. Ann. Code art. 31B, § 7b. The psychiatrist, who was appointed by the court, stated that he believed Cannady did not fit within the statutory definition of a defective delinquent. Issue was joined, and the case was tried in the Criminal Court of Baltimore before a jury. The transcript discloses the following rebuttal argument, objection and the hearing judge's ruling thereon:

> Assistant State's Attorney: " . . . He [applicant] is going to be in confinement for a considerable period of time despite the outcome of this case. The only question is, 'where'. Now, it is not an issue in this case, *where he will be, whether he is at Patuxent and gets treatment or he is back in the penal system in a metal cage.* [(Emphasis supplied).]
>
> [Defense counsel]: Objection.
>
> The Court: What is the ground for your objection?
>
> [Defense counsel]: The ground for the objection is

characterizing one place as a cage, the other place as definitely therapy being given. There is no proof introduced that he will get therapy at Patuxent, no proof he will be put in a cage if released to the prison, as [the Assistant State's Attorney] just suggested.

The Court: It is a matter of argument ... over-ruled."

Thereafter the prosecutor concluded his rebuttal argument as follows:

"... I urge you to very promptly find that he is a defective delinquent so that *he can get the therapy he so obviously needs*." (Emphasis supplied).

In our view the comments of the prosecutor are patently contrived to circumvent our holding in *Bush, supra,* as well as to arouse the passion of the jury. The prosecutor's argument manifestly demonstrates an attempt to convince the jury of the benefits of Patuxent Institution as the prosecutor sees them. In essence the prosecutor's argument presents to the jury a choice between the applicant's receiving treatment at Patuxent or returning to the penal system where he will be subjected to confinement in "a metal cage".

We believe the prosecutor's comment in the instant case was more than just "a matter of argument". We think his remarks violate the spirit of *Bush,* if not the letter thereof, and we have no hesitancy in striking down the argument. At the expense of repetition, we reiterate that "blind or badly regulated zeal" which encroaches upon the rights of others will not be countenanced.

Once again we remind the Bench and the Bar that the *sole* issue in a defective delinquency proceeding is whether the person alleged to be a defective delinquent falls within the scope of the statutory definition of a defective delinquent as set forth in Md. Ann. Code art. 31B, § 5. *Bush v. Director, supra. See Blizzard v. State,* 218 Md. 384, 147 A. 2d 227

(1958); *Feldman v. Director,* 5 Md. App. 60, 245 A. 2d 830 (1968).

> *Application for leave to appeal granted.*
> *Case reversed and remanded for further proceedings.*